**Affirmed in part; Reversed and Remand in part and Opinion Filed January 4, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

## No. 05-21-01041-CV

**ENGLISH LAW GROUP, PLLC, Appellant**
**V.**
**MEDINET INVESTMENTS, LLC AND MICHAEL BINGHAM, Appellees**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-07743**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Reichek
Opinion by Justice Molberg

Appellant English Law Group, PLLC (ELG) appeals from the trial court's

final judgment confirming an arbitration award for appellees Medinet Investments,

LLC (Medinet) and Michael Bingham, the manager and member of Medinet. In four

issues, ELG argues the trial court abused its discretion in confirming the award when

the parties had additional claims pending and in confirming the award for Medinet

and Bingham when they lacked capacity to bring their claims. Medinet and Bingham

raise two cross-issues, contending Jay English, owner or manager of ELG, is liable

as if ELG were a partnership and he a partner, and alternatively, Medinet's claims

against English should be remanded for further proceedings in the trial court. We affirm the trial court's confirmation of the arbitration award but reverse and remand for the trial court to address Medinet's unadjudicated claims in this memorandum opinion.

## Background

Bobby Walker was injured at an apartment complex and initiated a premises liability suit. He entered into a subrogation and distribution agreement with the law firm representing him, English & Associates, PLLC,[1] and A/RNet, LLC. Under the agreement, A/RNet purchased invoices for medical services provided to Walker, and following any recovery in the personal injury suit, Walker promised to pay the amount of the invoices to A/RNet. The agreement included an arbitration clause stating that "[i]n the event of a breach of this agreement or other dispute arising out of or related to this agreement, the matter shall be submitted to the Judicial Arbitration and Mediation Service ('JAMS') in Texas." In October 2012, A/RNet assigned its interest in the accounts receivables to Medinet.

Because the facts are known to the parties, we will discuss the procedural history of this case only to the extent necessary to resolve the issues before us. On June 27, 2016, Medinet sued English, ELG, and Walker. Medinet, as successor in interest to A/Rnet, alleged that ELG was a business conduit of English. Medinet

---

[1] Medinet alleged that ELG, the party before us, eventually succeeded English & Associates and took on its cases and assets, and the arbitrator later found that English & Associates assigned the subrogation agreement to ELG.

alleged English and Walker breached their contract with Medinet and engaged in a fraudulent scheme to deprive Medinet of funds it paid for accounts receivables "by misrepresenting critical information." Medinet alleged theft, fraud, fraudulent transfer, and quantum meruit, seeking to "be paid for the accounts receivables purchased that represent the reasonable and necessary medical expenses incurred by [Medinet], plus reasonable and necessary attorney fees for recovery." ELG and English generally denied the allegations, asserted attorney's immunity from suit, and raised several affirmative defenses.

On November 30, 2016, Medinet moved to compel the parties to arbitration based on the arbitration agreement Walker entered with A/Rnet.[2]

English and ELG filed counterclaims on December 12, 2016. They alleged DTPA violations, tortious interference, and argued A/RNet's contract was void *ab initio* due to false, material representations made by A/RNet. They alleged A/RNet made certain representations that induced Walker to sign an "overreaching adhesion contract" and then failed to obtain pre-approval for certain medical services, which resulted in high bills. ELG also alleged A/RNet made an oral agreement "to accept a fraction of a six-figure settlement."

---

[2] Later, on April 11, 2017, Medinet again moved to compel Walker specifically to arbitration after he had been served in the lawsuit for the first time. On June 29, 2017, the trial court granted the motion, ordered Medinet and Walker to arbitrate all disputes arising out of the subrogation agreement, and stayed the proceedings as to Walker pending the outcome of arbitration.

–3–

They also filed a motion for summary judgment in which they alleged Medinet's predecessor, A/RNet, previously sued English and ELG for the same claims, which were resolved against A/RNet, and that res judicata thus barred Medinet's claims. They further argued they enjoyed attorney's immunity from suit and that failure to respond to requests for admissions were deemed admitted.

On January 27, 2017, Medinet filed a supplemental petition, alleging breach of contract and seeking attorney's fees under chapter 38 of the civil practice and remedies code, and alternatively, alleging quantum meruit.

On February 1, 2017, the trial court granted English and ELG's motion for summary judgment regarding Medinet's tort claims. The court ordered that Medinet take nothing on its tort claims. The same day, the court denied Medinet's motion to compel arbitration against English and ELG, and Medinet appealed this decision pursuant to § 171.098(a)(1) of the civil practice and remedies code.

Medinet filed its first amended petition and request for disclosure on April 10, 2017, alleging claims for breach of contract, quantum meruit, fraud, fraudulent inducement, conversion and theft, and fraudulent transfer. Against English, Medinet alleged participatory and vicarious liability and sought to pierce the liability shield of ELG.

On June 30, 2017, English and ELG filed a new motion for summary judgment, arguing that all claims raised by Medinet were barred by res judicata. On August 18, 2017, English and ELG also filed a no evidence motion for summary

judgment, in which they argued, among other things, there was no evidence on any of the elements showing English's liability for breach of contract or quantum meruit. They also argued, regarding Medinet's vicarious liability claims, that English was immune from liability for actions taken in connection with representing Walker, and generally argued English could not be liable for the acts of Walker. English and ELG argued they were immune from any ratification-based contract theory because their actions were performed in the scope of representing Walker. English and ELG made these arguments with the assumption Medinet's claims sounded in contract, arguing the trial court had already disposed of Medinet's tort claims. Regarding new tort claims asserted by Medinet, English and ELG argued these claims had already been rejected by the trial court, there was no evidence on at least one element of each claim, and they "specially except[ed] to each allegation or theory of recovery that sounds in tort."

In response, Medinet stated, among other things, that it acknowledged English and ELG had already obtained summary judgment on Medinet's tort claims and asserted them anew in its amended petition "solely for the purposes of preserving error with respect to the prior summary judgment."

The trial court entered a final summary judgment on December 4, 2017, granting ELG and English's no evidence motion for summary judgment. But, on February 12, 2018, the trial court subsequently granted Medinet's motion to modify

the judgment,[3] vacated the final summary judgment, and entered a new summary judgment against Medinet, again granting ELG and English's motion entirely, but specifying it was interlocutory and did not dispose of all claims and parties.

On April 3, 2018, this Court reversed the trial court's order denying Medinet's motion to compel arbitration against ELG. *See Medinet Invs., LLC v. English*, No. 05-17-00179-CV, 2018 WL 1602525, at *3 (Tex. App.—Dallas Apr. 3, 2018, pet. denied) (mem. op.). The Court concluded that because "English Law Group is bound by the duties and obligations set out in the Agreement, the trial court erred in denying the motion to compel arbitration." *Id.* But as to English personally, the Court concluded Medinet failed to demonstrate the trial court abused its discretion when it denied the motion to compel arbitration. *Id.* at *4. The trial court's dispositive rulings regarding Medinet's claims and ELG's defenses were accordingly vacated. *Id.* at *6.

On January 11, 2019, the Supreme Court of Texas denied ELG's petition for review. Accordingly, on April 19, 2019, the trial court entered an order staying the case with respect to Medinet's claims against ELG and ELG's defenses to those claims pending the outcome of arbitration. The same day, the trial court, following Medinet and Bingham's[4] motion to confirm its arbitration award against Walker,

---

[3] In its motion, Medinet argued the judgment should not be final because Medinet's claims against Walker were pending in arbitration and stayed in the trial court.

[4] Bingham, Medinet's manager and member, entered the case for the first time on April 24, 2018, when he filed a notice of appearance on April 24, 2018, stating that, "as a beneficial owner of the assets of

–6–

granted the motion and rendered judgment for Medinet in accordance with the award of the arbitrator. A few days later, the court entered an order administratively closing the case, which was to be reopened upon motion of a party to restore the case to the court's active docket.

On August 4, 2020, an entity named Medinet Investments, LLC (Medinet II), filed an application for injunctive relief alleging "the former corporation known as Medinet Investments, LLC has completely lost its corporate privileges to do business, and to sue in the name of the corporation as of July 28, 2017." Medinet II alleged it was subsequently formed, and it argued continued arbitration against ELG would cause Medinet II irreparable harm and requested the court "to enjoin and prevent Michael Bingham from any further use of the Medinet Investments, LLC, name or corporate existence." Medinet II also filed a notice of non-suit, purporting to non-suit Medinet's claims, and a motion to show authority.

On March 19, 2021, Medinet and Bingham filed a motion to administratively reopen the case. They stated arbitration with ELG had concluded and they intended "to file post-arbitration motions concluding with their motion to confirm the arbitration award, at which time the court can enter final judgment." On April 22, 2021, Medinet filed a motion for partial summary judgment, arguing English was liable as if he were a partner in ELG. ELG responded to the motion and also

[Medinet]," he was "entitled to prosecute Medinet's causes of action, and to defend any causes of action brought against it, in Texas courts as necessary to protect his property rights."

–7–

specially excepted, arguing it was "vague and general, omit[ted] specific and crucial facts which obscure and generalize the nature of [Medinet's] requested relief." The trial court granted ELG's special exceptions and gave Medinet fourteen days to refile. Medinet timely filed an amended motion for summary judgment on June 11, 2021, that was left unaddressed by the trial court.

On May 26, 2021, Medinet filed a motion to confirm its arbitration award against ELG. According to the final award, which was e-mailed to the parties on December 17, 2020, ELG made affirmative claims in arbitration, but they were ultimately precluded as a consequence of non-payment of its share of arbitration fees. The arbitrator found that Bingham had standing and capacity to pursue Medinet's claims against ELG; A/RNet assigned the agreement to Medinet; English & Associates assigned the agreement to ELG; ELG ratified the agreement by its actions or by receiving benefits of the agreement; A/RNet assigned to Medinet all of the legal and equitable rights and benefits resulting from or in connection with A/RNet's purchase of the Walker invoices; A/RNet performed compensable services for English & Associates for which neither A/RNet nor Medinet was compensated; the reasonable value of those services was $380,001.84; ELG assumed English & Associates' obligation to pay A/RNet for these services; ELG received, accepted, and used for its benefit the compensable service performed by A/RNet for English & Associates for which A/RNet has not been compensated; Medinet's reasonable and necessary attorney's fees were $125,000 for prosecuting its case, $5,000 in the

–8–

event ELG unsuccessfully appeals to this Court, and $5,000 in the event of unsuccessful appeal to the supreme court; Medinet was entitled to recover its arbitration fees, which were $17,318.31; ELG engaged in sanctionable conduct by facilitating the fraudulent filing of a "notice of dismissal" by an entity purporting to be Medinet; and ELG should be sanctioned $25,000 for this conduct. The arbitrator did not find the following: that English & Associates promised to pay A/RNet; ELG was jointly and severally liable with Walker for breach of the agreement; or ELG was liable to Medinet for fraudulent transfer, conversion, or theft.

On July 12, 2021, ELG filed a motion to vacate the arbitrator's award for Medinet. ELG argued the arbitrator failed to follow the terms of the agreement by failing to apply the laws of the state of Texas, follow the mandated schedule, follow "the one-page mandate for a ruling," and "hear evidence pertinent and material to the controversy."

The trial court entered a "judgment on arbitration award" on August 18, 2021. In its judgment, the trial court stated the arbitrator, following "a hearing in compliance with the Texas Arbitration Act," issued a final award with respect to all of Medinet's claims agains ELG. The court continued:

> In accordance with the arbitrator's award, the Court RENDERS judgment for Plaintiff Medinet Investments, LLC, represented by Michael Bingham, an individual, in his capacity as a member, manager and holder of the beneficial title to the assets of Medinet Investments, LLC, and against Defendant English Law Group, PLLC for English Law Group, PLLC's failure to remit the value of compensable services performed to Plaintiff Medinet Investments, LLC on or before February

5, 2016, fifteen (15) days after the recovery in Defendant Bobby Walker's personal injury lawsuit.

The court ordered that Medinet, represented by Bingham in his capacity as manager of Medinet, recover from ELG $380,001.84 in actual damages, pre-award interest, $120,000 in attorney's fees, $17,318.31 in arbitration costs, $25,000 in sanctions, court costs, post-award interest, and conditional appellate attorney's fees. The judgment stated it was "a final order disposing of this cause entirely."

Each party filed motions to modify the judgment, which were denied by operation of law. ELG contended the judgment should not be final because "an intervention was pending and the parties had additional claims which were not addressed by the arbitration." Medinet similarly requested the court to remove the finality language from the judgment because it had claims "against [English] for vicarious liability in this cause, which remain unadjudicated." This appeal followed.

**Discussion**

In its first issue, ELG argues the trial court deprived it of a hearing on its counterclaims when it included finality language in its judgment confirming the arbitration award. Medinet responds by, among other things, arguing that ELG's counterclaims were or could have been raised in arbitration but were precluded due to non-payment of fees, and the counterclaims were not pending before the trial court. We agree.

According to the subrogation and distribution agreement, "[i]n the event of a breach of this agreement or other dispute arising out of or related to this agreement, the matter shall be submitted to the Judicial Arbitration and Mediation Service ('JAMS') in Texas."

ELG's counterclaims, filed in the trial court in December 2016, related to the subrogation and distribution agreement with A/RNet. ELG alleged A/RNet made certain representations that induced Walker to sign an "overreaching adhesion contract." ELG contended A/RNet's conduct in failing to obtain pre-approval for certain medical services resulted in outrageously high bills. ELG also asserted A/RNet made an oral agreement "to accept a fraction of a six-figure settlement." Based upon these factual allegations, ELG argued the subrogation agreement was void *ab initio* due to fraud and fraudulent inducement. ELG also alleged DTPA violations and tortious interference based upon the same facts.

In arbitration, when ELG repeatedly failed to pay its share of fees and expenses, the arbitrator ordered that, unless and until ELG paid, no evidence of its affirmative claims would be considered. In the arbitrator's final award, it found ELG was "barred from offering any evidence of any affirmative claims or defenses in accordance with JAMS Rule 31(b)."

Under these circumstances, where the dispute between Medinet and ELG was compelled to arbitration by this Court and determined by the arbitrator, we cannot

conclude the trial court denied ELG a hearing on its claims relating to the subrogation agreement.

In its remaining issues, ELG challenges the trial court's confirmation of the arbitration award in favor of Medinet. First, we conclude these issues are not preserved for our review. A party must make an application to vacate an arbitration award not later than the ninetieth day after the date of delivery of a copy of the award to the applicant. TEX. CIV. PRAC. & REM. CODE § 171.088(b). An untimely objection to an arbitration award is waived. *See AmeriPath, Inc. v. Hebert*, 447 S.W.3d 319, 337 (Tex. App.—Dallas 2014, pet. denied).

Here, the record reveals the arbitration award was e-mailed to the parties on December 17, 2020. Over six months later, on July 12, 2021, ELG filed its motion to vacate the arbitration award. Consequently, ELG's issues challenging the trial court's confirmation of the award are waived. *See Kreit v. Brewer & Pritchard, P.C.*, 530 S.W.3d 231, 238 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (motion to vacate arbitration award not timely when filed more than ninety days after the final award was e-mailed to parties); *Gen. Universal Sys., Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 14-01-00509-CV, 2003 WL 1884198, at *2 (Tex. App.—Houston [14th Dist.] Apr. 17, 2003, no pet.) (mem. op.) ("After the limitations period has expired, a party cannot ask a court to vacate an arbitration award.").

Second, ELG's arguments challenging the arbitration award also go beyond the limited scope of our review of such awards. Review of a trial court's decision on vacatur or confirmation of an arbitration award is de novo and includes review of the entire record. *Centex/Vestal v. Friendship W. Baptist Church*, 314 S.W.3d 677, 683 (Tex. App.—Dallas 2010, pet. denied). This review is extraordinarily narrow. *E. Tex. Salt Water Disposal Co., Inc. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010). A court must confirm an arbitrator's award on application unless an opposing party establishes a ground under §§ 171.088 or 171.091 for vacating, modifying, or correcting the award. TEX. CIV. PRAC. & REM. CODE § 171.087; *Zena Land Dev. LP v. Edwards*, No. 05-21-00156-CV, 2022 WL 17688035, at *4 (Tex. App.—Dallas Dec. 15, 2022, pet. denied) (mem. op.). A mistake of fact or law by the arbitrator in the application of substantive law is not a proper ground for vacating an award. *Centex/Vestal*, 314 S.W.3d at 683. We indulge all reasonable presumptions in favor of the award and none against it. *CVN Group, Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002).

A party moving to vacate or modify an arbitration award has the ultimate burden of proving grounds for vacating or modifying the award, unless the other party has assumed a traditional summary judgment burden and must negate the grounds alleged for vacating or modifying the award. *Zena Land Dev. LP*, 2022 WL 17688035, at *4. A party seeking to vacate an arbitration award also has the burden in the trial court to bring forth a complete record that establishes its basis for vacating

–13–

the award. *Centex/Vestal*, 314 S.W.3d at 684. Generally, without an arbitration transcript, we presume the arbitration evidence adequately supported an award. *Id.*

In its second issue, ELG argues the trial court erred in confirming the award because Medinet lacked standing or capacity with respect to its claims, and the trial court thus lacked subject matter jurisdiction. Lack of constitutional standing deprives the trial court of subject matter jurisdiction. *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 773 (Tex. 2020). The parameters of constitutional standing are well settled, requiring a concrete injury traceable to the defendant's conduct and redressable by court order. *Busbee v. Cnty. of Medina*, No. 22-0751, 2023 WL 8655878, at *2 (Tex. Dec. 15, 2023) (per curiam). The standing doctrine derives from the Texas Constitution's separation of powers, which denies the judiciary authority to decide issues in the abstract, and from its open courts provision, which provides court access only to a "person for an injury done him." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993).

Texas courts sometimes apply the label "standing" to statutory or prudential considerations that do not implicate subject matter jurisdiction but determine whether a plaintiff falls within the class of entities authorized to sue or otherwise has a valid cause of action. *Pike*, 610 S.W.3d at 773–774. But "such considerations go to the merits of the plaintiff's claim, not the plaintiff's standing to sue in the jurisdictional sense." *Busbee*, 2023 WL 8655878, at *3. A plaintiff does not lack constitutional standing merely because he cannot prevail on the merits of his claim—

–14–

"he lacks standing because his claim of injury is too slight for a court to afford redress." *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 484–85 (Tex. 2018) (quoting *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 305 (Tex. 2008)).

In contrast, a party has capacity when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy. *Pike*, 610 S.W.3d at 775. A plaintiff lacks capacity when it is not entitled to recover in the capacity in which it sues. *Id.* Unlike lack of standing, the lack of capacity does not deprive the trial court of jurisdiction. *Moser, Tr. of Estate of Mason v. Dillon Invs., LLC*, 649 S.W.3d 259, 264 (Tex. App.—Dallas 2022, no pet.).

Although ELG refers to both standing and capacity in its argument, the substance of its argument deals only with capacity. ELG argues that Medinet "was not the proper plaintiff" but instead, the proper plaintiff was Medinet Financial Services, LP, which was not owned by Bingham; Medinet's sole member at the time it lost its corporate charter was not Bingham but the Michael W. Bingham Living Trust; and that even if Bingham were a shareholder, he would not have capacity to sue.

Here, the arbitrator explicitly decided Bingham had capacity to pursue Medinet's claims against ELG. ELG does not identify the statutory basis for vacating the arbitration award on the ground that the arbitrator's determination was erroneous, and we find none. *See* TEX. CIV. PRAC. & REM. CODE § 171.088. Thus, even if the arbitrator's decision regarding capacity were incorrect, we may not vacate

the award.  *See C Tekk Sols., Inc. v. Sricom, Inc.*, No. 05-17-00845-CV, 2018 WL 2072811, at *3 (Tex. App.—Dallas May 1, 2018, no pet.) (mem. op.) (concluding arbitration award could not be vacated even if the appellant's argument regarding appellee's lack of capacity were correct); *Centex/Vestal*, 314 S.W.3d at 683 ("even a mistake of fact or law by the arbitrator in the application of substantive law is not a proper ground for vacating an award").

ELG also argues the arbitration award violated the election of remedies doctrine.  Because Medinet already obtained an arbitration award against Walker, ELG contends it "was manifestly unjust for the trial court to confirm an arbitration award against [ELG] for the same cause of action"; electing to seek recovery from Walker, ELG argues, "bars duplicative relief against [ELG]."  Finally, ELG argues that, because A/RNet had an express contract with Walker and English & Associates, the arbitration award erroneously based recovery on quantum meruit, and the trial court erred in confirming the award.  As with ELG's prior issue, we conclude these complaints regarding legal error in the arbitration award reach beyond the scope of our review.  *See Centex/Vestal*, 314 S.W.3d at 683.  We overrule ELG's issues.

### *Cross-issues*

In its cross-issues, Medinet asks this Court to "render judgment that Jay English is liable to Medinet in the same manner and to the same extent as if he were a partner and English Law Group were a partnership for the judgment entered by the trial court."  Alternatively, it asks us to "sever its claims for participatory and

vicarious liability against Jay English and for piercing the liability shield of English Law Group, and remand those unadjudicated claims to the trial court for further proceedings." Medinet asserts it pled "nine different theories of vicarious and participatory liability against English" that have not been litigated on the merits.

We decline to render judgment for Medinet on claims not addressed in the first instance by the trial court. However, we agree Medinet's claims against English based upon ELG's liability as articulated in Medinet's June 11, 2021, amended motion for partial summary judgment were not decided by the trial court. Accordingly, we reverse the trial court's judgment and remand for the trial court to address those claims. *See Wasserberg v. RES-TX One, LLC*, No. 14-13-00674-CV, 2014 WL 6922545, at *3 (Tex. App.—Houston [14th Dist.] Dec. 9, 2014, pet. denied) (mem. op.) ("Granting a final judgment that does not address all claims 'makes the order reversible, but not interlocutory.'"); *S. Mgmt. Servs., Inc. v. SM Energy Co.*, 398 S.W.3d 350, 358 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (affirming in part and reversing and remanding on unadjudicated claims).

**Conclusion**

The trial court's judgment is affirmed to the extent it confirms the arbitrator's award for Medinet. Because the judgment disposed of other, unadjudicated claims, the trial court's judgment is reversed and those claims are remanded for additional

–17–

proceedings consistent with this opinion.

/Ken Molberg/
211041f.p05
KEN MOLBERG
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ENGLISH LAW GROUP, PLLC,
Appellant

No. 05-21-01041-CV    V.

MEDINET INVESTMENTS, LLC
AND MICHAEL BINGHAM,
Appellee

On Appeal from the 116th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-16-07743.
Opinion delivered by Justice
Molberg. Chief Justice Burns and
Justice Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment disposing of Medinet Investments, LLC and Michael Bingham's unadjudicated claims. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellee MEDINET INVESTMENTS, LLC AND MICHAEL BINGHAM recover their costs of this appeal from appellant ENGLISH LAW GROUP, PLLC.

Judgment entered this 4th day of January, 2024.